UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BERNEL RUIZ, | ) | CASE NO. 4:12 CV 2724 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| JOE COAKLEY, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is *pro se* petitioner Bernel Ruiz's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, who is incarcerated at the Federal Correctional Institution at Elkton ("FCI Elkton"), brings this action against FCI Elkton Warden Joe Coakley. Ruiz asks this Court to vacate a Disciplinary Hearing Officer's decision and asks this Court to expunge this disciplinary conviction and to restore 28 days of Good Conduct Time (GCT). As grounds for the petition, he asserts his right to substantive due process was violated because, based on the evidence, the DHO's decision reflects partiality which resulted in an arbitrary and capricious decision.

The petition and attachments reflect petitioner was found guilty of "unauthorized contact with the public, and refusing to accept a program." The charges stemmed from an incident in 2009, when he was permitted to attend his father's funeral. A Bureau of Prisons officer who accompanied

him reported that he observed petitioner exiting a service station restroom with a woman, later identified as petitioner's wife.  While petitioner denies this happened, the DHO concluded, based on the greater weight of evidence, that petitioner engaged in the conduct of which he was accused.

A federal court's review of the quantum of evidence supporting a prison disciplinary board's decision is limited to determining whether "some evidence" supports the decision.  *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill* , 472 U.S. 445- 55 (1985).  The court is not permitted to re-weigh the evidence presented to the board. *Id.* at 455. Prison officials' determinations in disciplinary cases must be made quickly in a highly charged atmosphere, *id.* at 456, and the "Constitution does not require evidence that precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457.

Although petitioner asserts that his due process rights were violated, the requirements of due process are satisfied if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." *United States ex rel. Vajtauer v. Commissioner of Immigration*, 273 U.S.103, 106 (1927).  The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.  The revocation of good time credits is not comparable to a criminal conviction, *Wolff v. McDonnell*, 418 U.S. 539, 556(1974), and neither the amount of evidence necessary to support such a conviction, *see Jackson v. Virginia*, 443 U.S. 307 (1979), nor any other standard greater than "some evidence" applies in this context. *Superintendent, v. Hill*, 472 U.S. at 456. Therefore, prisoners facing a loss of good-time credits must be given (1) advance written notice of the disciplinary charges, (2) an opportunity to present witness testimony and other evidence when such allowance is consistent with safety and correctional goals, and (3) a written statement of reasons for the disciplinary action taken.

*Espinoza v. Peterson*, 283 F.3d 949, 952 (8th Cir. 2002). *See also Allen v. Reese*, 52 Fed. Appx. 7, 8 (8th Cir. Dec. 3, 2002) (unpublished opinion) (holding that *federal* prisoner's right to due process was satisfied, as he was given (i) written notice of the charges against him, (ii) the right to call witnesses, and (iii) a written report of the DHO's decision).

Ascertaining whether the "some evidence" standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *See Wolff*, 418 U.S. at 556; *United States ex rel. Tisi v. Tod*, 264 U.S. 131, 133-134 (1924); *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974). The DHO weighed the evidence and found that the prohibited act was committed by petitioner. While petitioner does not agree with this finding, there was certainly some evidence to support the DHO's conclusion. Therefore, petitioner's substantive due process rights were not violated.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: February 13, 2013        *s/    James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE